IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02006-BNB

AHMED MOHAMMED AJAJ,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
RON WILEY,
ROBERT A. HOOD,
TOMAS GOMEZ,
M. DUNLAP,
M. MERRILL,
KEITH POWLEY,
"FNU" VIGLE,
HARVEY CHURCH,
JOHN SHARTLE,
JOHN BRADFORD,
LISA BRAREN,
J. D. WALTERS,
LAWRENCE L. LEYBA,
MICHAEL K. NALLEY,
CHRISTOPHER B. SYNSVOLL, and
DAVID JOHNSON,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 16 2008

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Ahmed Mohammed Ajaj, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Ajaj has filed *pro se* a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); 28 U.S.C. §§ 1331, 1332(a), 1350, 1357,

1361, 1343, and 1367(a); 5 U.S.C. §§ 701, et seq; and 42 U.S.C. §§ 1981, 1985, and 1986. He asks for declaratory and injunctive relief. The Court must construe the complaint liberally because Mr. Ajaj is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ajaj will be ordered to file an amended complaint.

The Court has reviewed Mr. Ajaj's complaint and finds that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and

brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Ajaj asserts twelve claims. He fails to allege clearly which claims are asserted pursuant to which statute. He fails to set forth a short and plain statement of his claims showing that he is entitled to relief. His claims are verbose and vague because he fails to allege sufficient facts demonstrating each Defendant's personal participation.

Mr. Ajaj will be directed to file an amended complaint asserting all of the claims he seeks to assert against all the Defendants he plans to sue. Mr. Ajaj is advised that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Ajaj must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

The Court will defer from addressing Mr. Ajaj's motion and affidavit for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 until he has complied with the directives of this order. The directive in the September 17, 2008, order that Mr. Ajaj submit a Prisoner Complaint on the proper, Court-approved form will be waived because Mr. Ajaj is being ordered to file an amended Prisoner Complaint on the proper, Court-approved form that complies with Fed. R. Civ. P. 8.

Finally, Mr. Ajaj must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Ajaj should review his claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Ajaj file **within thirty (30) days from the date of this order** an original and sufficient service copies of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Ajaj, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that the Court defer from addressing Mr. Ajaj's motion and affidavit for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 until he has complied with the directives of this order. It is

FURTHER ORDERED that the directive in the September 17, 2008, order that Mr. Ajaj submit a Prisoner Complaint on the proper, Court-approved form is waived

because Mr. Ajaj is being ordered to file an amended Prisoner Complaint on the proper, Court-approved form that complies with Fed. R. Civ. P. 8. It is

FURTHER ORDERED that Mr. Ajaj submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Ajaj fails to file an original and sufficient service copies of an amended complaint that comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the motion for extension of time that Plaintiff submitted to and filed with the Court on October 14, 2008, is denied as unnecessary.

DATED October 16, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02006-BNB

Ahmed Mohammed Ajaj
Reg. No. 40637-053
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 10/10/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk