IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02006-MSK-MJW

AHMED M. AJAJ,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, et al.,

Defendants.

**RECOMMENDATION THAT CLAIMS AGAINST MELVIN DUNLAP BE DISMISSED WITHOUT PREJUDICE**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Marcia S. Krieger on January 16, 2009 (Docket No. 16), and the reassignment of this case to the undersigned (Docket No. 80).

This action was commenced in September 2008.  Nevertheless, plaintiff has not yet provided the court with an address at which defendant Melvin Dunlap, a former Bureau of Prisons employee, can be served by the U.S. Marshal Service.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country

under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

Based upon the foregoing, it is hereby

**RECOMMENDED** that the plaintiff's claims against defendant Melvin Dunlap be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to serve and failure to prosecute.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:      February 18, 2010          s/ Michael J. Watanabe
            Denver, Colorado           Michael J. Watanabe
                                       United States Magistrate Judge