IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02006-MSK-MJW

AHMED M. AJAJ,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, et al.,

Defendants.

## MINUTE ORDER

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

It is hereby **ORDERED** that the Plaintiff's Motion for an Order Directing Defendant BOP to Allow Plaintiff to Make Legal Calls to Experts and Witnesses and Send to and Receive From Experts and Witnesses Special Mail Relevant to His Claims and To Provide Him with the Necessary Contact Information to Enable Him to Contact Experts and Witnesses or in Alternative an Attorney be Appointed **(Docket No. 187)** is **granted in part and denied in part**.

The motion (Docket No. 187) is **denied** to the extent that the plaintiff seeks an order directing the Bureau of Prisons ("BOP") to allow him to make telephone calls to experts and witnesses and to send and receive special mail from experts and witnesses. Plaintiff has not shown that he is entitled to unmonitored legal calls with experts or witnesses or why writing to experts or witnesses, rather than calling them, is inadequate such that he should be allowed to make calls with them. Furthermore, defendants have shown that the BOP regulations do not extend special protections covering legal communications to non-lawyers, other than to communications with paralegals, law clerks, and legal assistants working under an attorney's supervision.

The motion (Docket No. 187) is **granted** to the extent that the BOP shall provide the plaintiff with (1) the mailing addresses for the five doctors listed in plaintiff's requests found at Docket No. 187 at 7 and 8 after plaintiff provides the BOP with the city/state where such doctors can be located, and (2) with the mailing addresses of the five medical groups/associations also listed in plaintiff's requests found at Docket No. 187 at 7 and 8. In addition, it is hereby

**ORDERED** that the Clerk of the Court is directed to make a good faith effort to try to secure pro bono counsel for the plaintiff. Counsel cannot be appointed and paid pursuant to 28 U.S.C. § 1915(e)(1), but the court has broad discretion to direct the Clerk of Court to attempt to obtain volunteer counsel for a party in a civil case. See Murphy v. Colorado Dept. of Corrections, 2009 WL 2959205 (D. Colo. Sept. 10, 2009) (citing DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993)). When making such a decision, the court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991).

Upon review of the above factors and the court file, the court finds that appointment of counsel would be appropriate in this case and thus directs the Clerk of the Court to make a good faith effort to try to secure pro bono legal counsel for the plaintiff. The court, however, advises the plaintiff that the granting of his request for appointed counsel does not necessarily mean that an attorney will appear on his behalf in this case. The court will not force or require an attorney to represent the plaintiff. Rather, this Order merely gives the attorneys on the *pro bono* panel notice that this case might be appropriate for *pro bono* representation and gives them an opportunity to volunteer their time to assist the plaintiff. Since this Order does not guarantee that a *pro bono* attorney will ultimately appear for the plaintiff, the court further advises the plaintiff that **unless and until an attorney agrees to represent him and enters an appearance on his behalf, he remains personally responsible to comply with the court's Orders and deadlines and to take all other actions necessary to continue to pursue this case**. Moreover, because of the possibility that no attorney might volunteer, the court will not consider the fact that *pro bono* counsel has yet to appear to be good cause to extend any deadlines or continue any scheduled matters.

It is further **ORDERED** that Plaintiff's Motion that All Future Mail from Defendants' Attorney to Plaintiff Fully Comply with 28 C.F.R. § 540.19 Requirement and Mail From this Honorable Court to Plaintiff be Marked as "Legal Mail-Open Only in the Presence of Inamte" or in Alternative the Outside of the Envelope Be Marked by the Name of the Honorable Judge and the Judge's Title in Order to Prevent Any Future Mishandling of Mail to Plaintiff and to Create Prison's Legal Mail record to Establish Whether or Not Plaintiff Received the Mail From the Court and Attorney and If So When the Mail Was Received **(Docket No. 189)** is **denied**, substantially for the reasons stated in the defendants' response (Docket No. 202). The court notes that plaintiff previously sought the same relief, which was denied by Magistrate Judge Mix. (Docket No. 44). Plaintiff's recourse if he did not agree with Judge Mix's ruling was not to later file another motion seeking the same relief. Plaintiff is advised that filing repetitive motions under similar circumstances may very well result in the imposition of sanctions.

Plaintiff has not shown that the mail from this court or defense counsel is required to be treated as "Legal Mail" which is entitled to special processing by prison

personnel.  Defense counsel has indicated that she has not so marked her communications to plaintiff because her communications with plaintiff are not privileged or subject to any special protections, and doing so would place unnecessary additional burdens on the staff at USP Marion.  Similarly, as indicated by Judge Mix in her ruling (Docket No. 44), court filings are a matter of public record and not "special mail" within the meaning of 28 C.F.R. § 540.19.  The court finds no basis to treat the mail sent to the plaintiff from the court any differently than the court's mail to other prisoners.

It is further **ORDERED** that Plaintiff's Motion for an Order Directing Defendant BOP to Allow Him Confer with, Contact, and Gather Evidence and Declarations from Other Inmates' Witnesses In support of His Claims Against the Defendants and for Preparing Motion for Preliminary Injunctive Relief and In Compliance with Valandingham v. Bojorquez or in Alternative an Attorney be Appointed.  See, Also, Abdulhaseeb v. Calbone, 2010 U.S. App. LEXIS 6861 (10th Cir. 2010) **(Docket No. 190)** is **denied**.  Plaintiff has shown no basis for exempting him from the BOP regulations concerning communications with other inmates. Plaintiff has no right to have unmonitored communications with other inmates.  Any communications plaintiff has with other inmate witnesses are not privileged or otherwise subject to any special protections.  Also, plaintiff's motion is premature.  He has not identified the inmates he wishes to contact as witnesses in this matter, and he has made no showing that he has made a request of his Unit Manager to contact any other specific inmate or that he has submitted any proposed communications to another inmate to be reviewed and approved or denied by the Unit Manager.  The court notes that all but one of the administrative responses concerning inmate-to-inmate correspondence which plaintiff attached as exhibits to this motion predate this litigation.  With regard to plaintiff's request for counsel, plaintiff sought the same relief in his motion found at Docket No. 187, which was addressed above.

Date: June 15, 2010