IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02006-MSK-MJW

AHMED M. AJAJ,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
TOMAS GOMEZ, and
UNITED STATES OF AMERICA,

Defendants.

---

### RECOMMENDATIONS ON
**(1) PLAINTIFF'S EXPEDITED MOTION FOR PRELIMINARY INJUCTIVE [sic] RELIEF TO COMPEL DEFENDANT "BOP" TO ALLOW HIM RELIGIOUSLY MANDATED VISITS WITH HIS ELDERLY AND SICK PARENTS . . . (DOCKET NO. 238);**

**(2) PLAINTIFF'S EXPEDITED MOTION FOR PRELIMINARY INJUNCTIVE RELIEF TO REQUIRE DEFENDANT "BOP' TO PROVIDE PLAINTIFF WITH A NUTRITIONALLY ADEQUATE HALAL DIET . . . (Docket No. 241);**

**(3) PLAINTIFF'S EXPEDITED MOTION FOR PRELIMINARY INJUNCTIVE RELIEF TO COMPEL DEFENDANT "BOP" TO ALLOW HIM TO ENGAGE IN CONGREGATIONAL PRAYER FOR THE MANDATORY FIVE DAILY PRAYERS . . . (Docket No. 245);**

**(4) PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF A SYSTEM-WIDE BOP'S POLICY USED BY DEFENDANT FEDERAL BUREAU OF PRISONS TO JUSTIFY DENYING PLAINTIFF RELIGIOUSLY MANDATED VISITS WITH HIS ELDERLY AND SICK PARENTS VIA BOP'S AVAILABLE VIDEO-CONFERENCE SYSTEM OR THE INTERNET (Docket No. 247); and**

**(5) PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF MATTERS AND FACTS THAT ARE NOT SUBJECT TO REASONABLE DISPUTE RELATING TO PLAINTIFF'S EXPEDITED MOTION FOR PRELIMINARY INJUNCTIVE RELIEF TO COMPEL DEFENDANT "BOP" TO ALLOW HIM RELIGIOUSLY MANDATED VISITS WITH HIS ELDERLY AND SICK PARENTS (Docket No. 250)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

2

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Marcia S. Krieger on January 16, 2009 (Docket No. 16), and the reassignment of this case to the undersigned (Docket No. 80).

On March 10, 2011, Judge Krieger issued an Opinion and Order Granting, In Part, Motions to Dismiss (Docket No. 275). In that Order, all of the plaintiff's claims were dismissed with the exception of the following: (1) plaintiff's third claim for relief to the extent it alleges that defendant Gomez violated plaintiff's right to be free from retaliation for engaging in First Amendment activity based on a disciplinary notice based on his participation in a hunger strike that was issued to plaintiff by Mr. Gomez; (2) plaintiff's third claim for relief with regard to the plaintiff's claims for declaratory relief against the Bureau of Prisons ("BOP") under the APA, contending that the two decisions by hearing officers upholding the disciplinary notices issued to plaintiff by Mr. Mestas and Mr. Gomez were arbitrary and capricious in that they were not supported by sufficient evidence; and (3) plaintiff's claim plead as a violation of the Federal Tort Claims Act, which is asserted against the United States.

Before this court for a report and recommendation are three motions for preliminary injunctive relief filed by the plaintiff (Docket Nos. 238, 241, and 245) which concern religious First Amendment claims which have now been dismissed by Judge Krieger. More specifically, plaintiff seeks to compel the BOP to allow him "religiously mandated" visits with his parents, whom he describes as "elderly and sick" (Docket No. 238), to require the BOP to provide him with a nutritionally adequate *halal* diet in compliance with his religious beliefs (Docket No. 241), and to compel the BOP to allow

3

him to engage in congregational prayer for the mandatory five daily prayers (Docket No. 245). Judge Krieger specifically addressed these claims (see Docket No. 275 at 13-4 - addressing the video-conference visits, at 11 - addressing the alleged refusal to provide a *halal* diet, and at 9-10 - addressing the claim that he was banned and forbidden from performing the Jumu'ah prayer and all other congregational prayers). Judge Krieger found that plaintiff "has failed to adequately plead the necessary elements of any of the sub-claims that are arguably asserted in his first claim for relief, sounding in violations of his right to religious exercise. Accordingly, the entire first claim for relief is dismissed pursuant to Fed. R. Civ. P. 12(b)(6)." (Docket No. 275 at 15-16). Based upon the dismissal of the first claim for relief, it is recommended that all three of the plaintiff's motions for injunctive relief which are based upon his religious claims be denied. In order to obtain a preliminary injunction, plaintiff must demonstrate the following: (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the plaintiff if the preliminary injunction is denied; (3) the threatened injury to the plaintiff outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest. Salt Lake Tribune Pub. Co., LLC v. AT & T Corp., 320 F.3d 1081, 1099 (10th Cir. 2003). Here, plaintiff cannot demonstrate a substantial likelihood of success on the merits of the case because the first claim for relief has been dismissed.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that (1) the Plaintiff's Expedited Motion for Preliminary Injuctive [sic] Relief to Compel Defendant "BOP" to Allow Him Religiously Mandated

Visits with His Elderly and Sick Parents . . . **(Docket No. 238)**, (2) Plaintiff's Expedited Motion for Preliminary Injunctive Relief to Require Defendant "BOP" to Provide Plaintiff with a Nutritionally Adequate Halal Diet in Accordance with His Religious Beliefs . . . **(Docket No. 241)**, and (3) Plaintiff's Expedited Motion for Preliminary Injunctive Relief to Compel Defendant "BOP" to Allow Him to Engage in Congregational Prayer for the Mandatory Five Daily Prayers . . . **(Docket No. 245)** be **denied**. It is further

**RECOMMENDED** that if the above recommendation is accepted and approved, then the Plaintiff's Motion for Judicial Notice of a System-Wide BOP's Policy Used by Defendant Federal Bureau of Prisons to Justify Denying Plaintiff Religiously Mandated Visits with his Elderly and Sick Parents Via BOP's Available Video-Conference System or the Internet **(Docket No. 247)** and the Plaintiff's Motion for Judicial Notice of Matters and Facts that Are Not Subject to Reasonable Dispute Relating to Plaintiff's Expedited Motion for Preliminary Injunctive Relief to Compel Defendant "BOP" to Allow Him Religiously Mandated Visits with His Elderly and Sick Parents **(Docket No. 250) be denied as moot**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the**

5

**recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

**(1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley**

**v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Dated:      March 31, 2011          s/ Michael J. Watanabe
            Denver, Colorado        Michael J. Watanabe
                                    United States Magistrate Judge