IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02006-MSK-MJW

AHMED M. AJAJ,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
THE UNITED STATES OF AMERICA, and
TOMAS GOMEZ,

    Defendants.

---

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION

---

Defendants, through undersigned counsel, hereby respond in opposition to "Plaintiff's Pro Se Motion for Reconsideration of the March 15, 2001 Opinion and Order, or in Alternative the Order be Certified Pursuant to 28 U.S.C. § 1292(b) to Permit Him to Immediately Appeal the Court's Interlocutory Decision, and to Order the Stay of the Proceeding Pending Appellate Review" (filed March 28, 2011; Doc. 250). Plaintiff's motion should be denied because it does set forth any basis for this Court to revisit its Order on Defendants' motions to dismiss.

## PROCEDURAL BACKGROUND

Plaintiff is a federal inmate at the U.S. Penitentiary in Marion, Illinois, where he is

incarcerated in the Communications Management Unit. At the times relevant to his claims, he was incarcerated at the Bureau of Prisons' Administrative Maximum institution in Florence, Colorado.

Plaintiff began this action by submitting a complaint that was accepted for filing on September 9, 2008. Plaintiff's original complaint was 52 pages long and brought 12 claims against 16 individual defendants and the Bureau of Prisons. (Doc. 3.) Plaintiff was directed by the Court to submit an amended complaint that used the Court's then-current form for *pro se* prisoner complaints. (Doc. 2.)

The Court subsequently found that Plaintiff's original complaint failed to comply with Rule 8. (Doc. 7.) The Court found that

> Mr. Ajaj asserts twelve claims. He failed to allege clearly which claims are asserted pursuant to which statute. He fails to set forth a short and plain statement of his claims showing that he is entitled to relief. His claims are verbose and vague because he fails to allege sufficient facts demonstrating each Defendant's personal participation.

(*Id*. at 3.) The Court ordered that "Mr. Ajaj should review his claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations." (*Id*. at 4.) Thus, the Court ordered Plaintiff to file an amended complaint. On November 14, 2008, Plaintiff filed a First Amended Complaint, which set forth nine different causes of action against the Bureau of Prisons and nine individual Defendants. (Doc. 10.)

On April 16, 2009, the Court held a scheduling conference. (Doc. 40.) At that

conference, Plaintiff requested leave to file a Second Amended Complaint. The Court granted Plaintiff's request and gave Plaintiff a deadline of June 16, 2009. That deadline was later extended on two occasions in response to motions by Plaintiff. (Docs. 59, 67.)

On August 17, 2009, Plaintiff's Second Amended Complaint was filed with the Court. (Doc. 68.) Rather than further narrowing or specifying his claims, Plaintiff's Second Amended Complaint greatly expanded the scope of this case by bringing brand new causes of actions (for a total of 14 claims) and adding additional Defendants (for a total of 26 Defendants), including Chief Judge Daniel and Magistrate Judge Mix (whom Plaintiff subsequently dismissed). The Second Amended Complaint had 348 paragraphs of allegations and consisted of 47 pages.

Plaintiff then filed another motion to amend his complaint, but did not submit a proposed amended complaint with it. (Doc. 68.) After an additional delay, Plaintiff tendered a Third Amended Complaint (Doc. 162), which was accepted by the Court on April 13, 2010. The Third Amended Complaint brought ten claims against the Bureau of Prisons, the United States, and twenty-two named former and present BOP officials. It had 285 paragraphs of allegations and consists of 41 pages (without attachments). (Doc. 167.)

On May 7, 2010, the BOP and the twenty-one remaining individual Defendants motions to dismiss the Third Amended Complaint. (Docs. 175-185.)[1] Plaintiff's response to the motions to dismiss was due on June 1, 2010. Plaintiff sought a 60-day extension to

---

[1] The United States filed an answer. (Doc. 174.)

respond to the motions to dismiss. (Doc. 191.) That motion was granted over Defendants' objection to an extension of that length. (Doc. 200.) Plaintiff then sought another 14-day extension, which was also granted. (Docs. 206, 209.) He filed his response to the motions to dismiss on August 5, 2010. (Doc. 212.) The Bureau of Prisons filed its reply on August 19, 2010 (Doc. 219), and, after being granted a brief extension, the individual Defendants filed their replies on September 7, 2010 (Docs. 226-235).

On March 10, 2011, this Court issued its "Opinion and Order Granting, in Part, Motions to Dismiss," Docket Number 275. The Court granted Defendants' motions to dismiss other than with respect to parts of Claim Three, and dismissed all Defendants other than the United States, the Bureau of Prisons, and Tomas Gomez. Eighteen days later, Plaintiff filed the instant motion.

## ARGUMENT

### I. STANDARD OF REVIEW.

Plaintiff purports to bring his motion under Rules 54, 59(e), and 60(b). His reference to Rule 54 presumably relates to his request that the Court's Order be certified for an interlocutory appeal, which is addressed in Part III below.

Although Plaintiff's motion references both Fed. R. Civ. P. 59(e) and 60, because Plaintiff's motion was filed within 28 days of entry of the Court's order, it should be treated as a motion to amend under Fed. R. Civ. P. 59(e), as opposed to a motion under Fed. R. Civ. P. 60(b). *See Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1992).

In a Rule 59(e) motion, Plaintiff may not raise any new and additional arguments that he did not raise in his responses to Defendants' motions to dismiss. "Rule 59(e) only . . . support[s] reconsideration of matters properly encompassed in a decision on the merits." *White v. New Hampshire Dep't of Empl. Sec.*, 455 U.S. 445, 450 (1982). Thus, "Rule 59(e) does not provide an opportunity to raise new issues for the first time after an entry of judgment." *Elliott v. Simmons*, 100 F. App'x 777, 780 n.7 (10th Cir. 2004).

Under Rule 59(e), a motion to amend should be granted only to correct manifest errors of law or to allow a party to present newly discovered evidence affecting the order. *Adams v. Reliance Stand. Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). Plaintiff does not claim that any newly discovered evidence entitles him to relief under Rule 59(e). Therefore, the only issue for the Court to decide is whether Plaintiff has shown that there were manifest errors of law in its Order. As shown below, he has not demonstrated that there are any manifest errors of law in the Court's ruling, and his motion should be denied.

## II. PLAINTIFF HAS SHOWN NO MANIFEST ERRORS OF LAW IN THIS COURT'S ORDER.

Plaintiff's motion sets forth nine different issues that he claims warrant reconsideration of the Court's Order. Although many of these issues are repetitive of each other, Defendants address each argument below.

### A. The Court Properly Dismissed the Claims Against the Bureau of Prisons.

First, Plaintiff contends that this Court erred when it dismissed all of the claims against the Bureau of Prisons pursuant to Rule 12(b)(6), even though, he claims, the

5

Bureau had requested dismissal pursuant to Rule 12(b)(1) only.

Plaintiff's premise for this argument–that the Bureau "failed to move to dismiss plaintiff's declaratory and injunctive relief claims against the BOP under Rule 12(b)(6)." (Doc. 278 at 2)–is plainly incorrect. Plaintiff's Third Amended Complaint sought only declaratory and injunctive relief against the BOP. The Bureau moved to dismiss all claims against it. The Bureau argued that all claims should be dismissed pursuant to Rule 12(b)(1) and that Claims Five and Eight and the portions of Claims One, Two, Three, Five, and Nine based on 28 U.S.C. § 1350 failed to state a claim against it pursuant to Fed. R. Civ. P. 12(b)(6).

Even with respect to the claims that the Bureau did not specifically move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court was not limited to the specific grounds raised by the Bureau in determining whether Plaintiff's Third Amended Complaint stated a claim. Because Plaintiff is proceeding pursuant to the Prisoner Litigation Reform Act, the Court "shall" dismiss his claims "at any time" if it determines that Plaintiff has failed to state a claim. 28 U.S.C. § 1915(e)(2).

The cases on which Plaintiff relies are inapposite because they primarily deal with summary judgment motions, not motions to dismiss. A summary judgment motion is much different than a motion to dismiss because, if the moving party does not raise a particular ground for relief in a summary judgment motion, the opposing party would not be on notice to provide evidence to the Court on that issue. Here, Plaintiff's obligation to plead

facts showing he is entitled to relief attached at the time that he filed his Third Amended Complaint. Because he failed to plead sufficient facts, the Court properly dismissed all claims against the Bureau other than portions of Claim Three. Plaintiff has shown no manifest error of law in the Court's decision to dismiss these claims against the Bureau pursuant to Rule 12(b)(6).

**B.      The Court Correctly Dismissed the Claims for Declaratory and Injunctive Relief.**

Plaintiff's second argument is that "the need for factual arguments depends on the context of the case or claim" and therefore the Court "erred . . . when it dismissed Plaintiff's claims against the BOP for declaratory and injunctive relief." (Doc. 278 at 3.) It is not clear what Plaintiff means by this assertion, but apparently he believes that his claims for declaratory and injunctive relief and brought under the Administrative Procedures Act ("APA") are subject to a lower pleading standard than his claims under *Bivens*. To the contrary, courts have applied *Iqbal* to claims seeking injunctive or declaratory relief and claims brought under the APA. *See, e.g.*, *Mayo Mendoza v. Commonwealth*, 2010 WL 4056133, at *3 (D.P.R. Oct. 15, 2010) (applying *Iqbal* to claim for injunctive relief and dismissing claim); *Morrison v. Anadarko Petroleum Corp.*, 2010 WL 2721379, at *4 (W.D. Okla. July 6, 2010) (granting defendant's motion to dismiss injunctive relief claim based on arguments that claim did not comply with *Iqbal*); *Wise v. Heddell*, 2010 WL 2688730, at *8 (M.D. Ga. July 1, 2010) (applying *Iqbal* to APA claims and requiring plaintiff to refile complaint bringing with allegations that comply with

7

*Iqbal*'s pleading standards); *Wright v. Gen. Mills, Inc.*, 2009 WL 3247148, at *5 (S.D. Cal. 2009) (applying *Iqbal* to claim for injunctive relief and dismissing claim).[2] Plaintiff's motion fails to set forth any manifest legal error with respect to this issue.

### C. This Court Properly Considered Plaintiff's Complaint and the Documents Attached to or Referenced in It.

In his third argument, Plaintiff contends that this Court "erred by failing to considers [sic] the Plaintiff's allegations contained in all the documents filed with the Court, referred to in the complaint and attached to his pleadings and complaint in ruling on Defendants' motions to dismiss." (Doc. 278 at 4.) Plaintiff does not identify any allegations or documents that he contends the Court should have considered but did not. Rather, he makes the conclusory and self-serving statement that it is "obvious" that the Court failed to consider unidentified allegations and documents.

In any event, Plaintiff is incorrect that the Court was required to consider <u>all documents filed in this case</u> (which involved more 274 docket entries before the Court's Order, including dozens of motions filed by Plaintiff, drawn out over the course of two-and-a-half years). As the Court properly noted: "This Court must limit its consideration to the four corners of the Amended Complaint, any documents attached thereto, and any external documents that are referenced in the Amended Complaint and whose accuracy is not in dispute." (Doc. 275 at 5 (citing cases).) The cases cited by the Court support this statement, and Plaintiff has failed to show any manifest error of law in connection with

---

[2] Undersigned counsel will provide copies of these unpublished decisions to Plaintiff.

what the Court considered in ruling on the motions to dismiss.

### D.   This Court Correctly Decided Defendants' Motions without Taking Judicial Notice as Requested by Plaintiff.

Plaintiff next argues that this Court erred by "failing to consider plaintiff's requests for judicial notice prior to ruling on Defendant's motion to dismiss." Plaintiff had filed, months after his response to the motions to dismiss, two requests for judicial notice. (Doc. 247, 250.) The Court properly declined to consider these motions prior to ruling on the motions to dismiss. After the Court issued its Order on the motions to dismiss, Magistrate Judge Watanabe recommended that Plaintiff's motions for judicial notice be denied. (Doc. 282.) Plaintiff filed Objections to that Recommendation on April 15, 2011. (Doc. 284.)

Plaintiff's argument fails for several reasons. First, as explained above, the Court properly held that it "must limit its consideration to the four corners of the Amended Complaint, any documents attached thereto, and any external documents that are referenced in the Amended Complaint and whose accuracy is not in dispute." The documents of which Plaintiff sought judicial notice were neither (i) attached to the complaint nor (ii) referenced in the Third Amended Complaint and of undisputed accuracy. The only case cited by Plaintiff in support of his argument, *Stone v. Whitman*, 324 F. App'x 726 (10th Cir. 2009), simply states that the district court had discretion to take judicial notice of facts in considering a Rule 12(b)(6) motion without converting the motion to one for summary judgment. *Id*. at 728. In that case, the facts of which the district court took judicial notice were proper subjects of notice because they were from a

proceeding in state court. *See id.*

Second, as explained in Defendants' responses to Plaintiff's requests for judicial notice (Docs. 258, 263), Plaintiff had not shown that this Court should take judicial notice of any facts. Judicial notice is permitted of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201.

With respect to both motions, it was unclear the facts of which Plaintiff wanted this Court to take judicial notice. The documents attached to Plaintiff's motions included things such as unauthenticated articles from unidentified sources or a single page from an unidentified text, which are not proper subjects of judicial notice. *See Rizzi v. Hartford Life & Accident Ins. Co.,* 383 F. App'x 738, 750 n.50 (10th Cir. 2010) ("Judicial notice is appropriate where a matter is verifiable with certainty."); *United States v. Friday*, 525 F. 3d 938, 958 n.10 (10th Cir. 2008) (declining to take judicial notice of facts from newspaper article finding that they "do not satisfy Fed. R. Evid. 201(b)").

Many of the documents lacked foundation and none was authenticated. Further, some involved administrative remedies filed by Plaintiff, which were irrelevant because exhaustion of administrative remedies was not raised in Defendants' motions to dismiss. Finally, Plaintiff's motions was simply an attempt to reargue or supplement the points made in his 117-page response to Defendants' motion to dismiss. Plaintiff has failed to

show any manifest error of law in the Court's decision not to resolve these motions prior to ruling on Defendants' motions to dismiss.

**E.      This Court Correctly Evaluated the Plausibility of Each of Plaintiff's Claims.**

Plaintiff next argues (in argument number 5) that this Court "erred by failing to review the plausibilty of Plaintiff's claims as whole and instead read the complaint piece by piece to determine whether each allegation, in isolation is plausible." (Doc. 278 at 6.) Plaintiff does not identify any allegations that he contends that this Court should have considered "as a whole" with other allegations or any particular portion of the Complaint that he claims the Court considered in a piecemeal fashion.

In the Order, this Court correctly adopted one of the suggested procedures in *Iqbal*. It decided to first "'identify[] pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth,' and disregard them. Then, faced with only well-pleaded factual allegations, the Court 'should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" (Doc. 275 at 5-6 (quoting *Iqbal*, 129 S. Ct. at 1950).) The Court then correctly found that the well-pled allegations did not give rise to a claim for relief. Plaintiff has not shown any manifest error of law in this approach, as endorsed by the Supreme Court.

**F.      The Court Accepted the Well-Plead Allegations of the Complaint as True and Viewed Them in the Light Most Favorable to the Plaintiff.**

Plaintiff next makes the conclusory assertion that the Court "erred by failing to view all facts in a light most favorable to plaintiff and [to draw] from them all reasonable

11

inferences in his favor." (Doc. 278 at 6.) Plaintiff does not identify a single fact that this Court allegedly failed to view in his favor. Nor does he identify any reasonable inference that the Court should have drawn but did not.

In its Order, the Court expressly stated that it was "constru[ing] Mr. Ajaj's *pro se* pleadings liberally." (Doc. 275 at 2 n.2; *see also id*. at 4 ("[T]he Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally.").) The Court also stated that it "must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to [Plaintiff]." (*Id*. at 5.)

For example, with respect to Claim Three, the Court noted that it was "taking the Third Amended Complaint in the light most favorable to Mr. Ajaj" when the Court found that Plaintiff had stated a claim against Mr. Gomez with respect to one of the disciplinary notices. (Doc. 275 at 25.) In other parts of the opinion, the Court made factual assumptions in Plaintiff's favor where Plaintiff had failed to make sufficient allegations, but nonetheless found that remaining facts alleged failed to state a claim. (*See id*. at 33 (assuming that Plaintiff's irritable bowel syndrome "is an objectively-serious medical condition warranting treatment"); *id*. at 34 (assuming that Plaintiff had alleged facts to show Mr. Jones' personal participation in the alleged denial of soy milk to Plaintiff).) Plaintiff has failed to demonstrate any manifest error of law on this issue.

**G.     The Court Applied the Correct Standard in Ruling on the Motions to Dismiss.**

Plaintiff's argument number 7 contends that the Court "ignored settled Supreme

Court precedents and decisions and misapplied *Iqbal* standard." (*Id*. at 7.) Plaintiff then provides an unilluminating lengthy string cite of cases, with no analysis, in purported support of this proposition.

Most of the cases cited by Plaintiff are from district courts in other jurisdictions, not from the Supreme Court or the Tenth Circuit. Further, many of these cases pre-date *Iqbal*. Although Plaintiff claims that this Court "misapplied" the *Iqbal* standard, he provides no discussion in support of that contention. Plaintiff's conclusory argument on this issue fails to show any manifest errors of law in the Court's Order.

**H.     The Court's Order is Internally Consistent**.

In argument number 8, Plaintiff makes the conclusory assertion that the Court's order "is inconsistent with respect to plaintiff's disciplinary claims." (Doc. 278 at 10.) Plaintiff apparently takes issue with the Court dismissal of the claim arising out of the September 2005 disciplinary report, while it allowed his claims concerning the two other disciplinary reports to proceed.

Plaintiff provides no explanation for this argument nor does he explain any manner in which the Court's Order is internally inconsistent. Plaintiff cites no authority for his argument, but simply refers to paragraphs 172 to 174 of the Second Amended Complaint. As explained in the Court's Order, it dismissed the September 2005 claim because the factual allegations that Plaintiff made with respect to that claim were "conclusory." (Doc. 275 at 19.) The Court noted that Plaintiff did "not identify, with any degree of factual

specificity, the nature of the incident report or the punishment he received for it." (*Id*. at 20.) He also did not identity the "unrefutable evidence" that Mr. Wiley and Mr. Gomez allegedly failed to consider. (*Id*.)

Plaintiff has not demonstrated this portion of the Order is in any way "inconsistent" with other parts of the order, nor has he shown that the allegations of this claim were not conclusory. Plaintiff has shown no manifest errors of law in the Court's Order on this issue.

I.      **The Court Properly Reviewed Each of Plaintiff's Claims.**

Finally, Plaintiff alleges that the Court "failed to properly review plaintiff's First to Ten [sic] Cause of Actions and failed to make analysis of his claims under different legal theories asserted in the complaint and clearly failed to review plaintiff's response to defendant's motions to dismiss." (Doc. 278 at 10.) He provides no explanation in support of this argument. Rather, he asserts that "[d]ue to lack of time to make the necessary arguments regarding this point and other points plaintiff respectfully request that this Honorable Court allows him to file supplement to this motion." (*Id*.) Plaintiff asserts that he intends to file a supplement, but has not done so within Defendants' response time. Because Plaintiff provides no basis for this argument, he has shown no manifest errors of law in the Court's order. Plaintiff's argument number 9 should be rejected.

III.    **THE COURT SHOULD NOT CERTIFY THE ORDER FOR AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b).**

The caption Plaintiff's motion indicates that he wants this Court to certify the Order

Case 1:08-cv-02006-MSK-MJW Document 286 Filed 04/21/11 USDC Colorado Page 15 of 17

pursuant to 28 U.S.C. § 1292(b). However, this issue is not addressed anywhere in Plaintiff's motion.

The Court should not certify the order pursuant to section 1292(b). That section provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involved a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order.

28 U.S.C. § 1292(b); *see also* Fed. R. Civ. P. 54(b) ("the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay").

Here, the Court did not make any statements that its Order involves a "controlling question of law as to which there is substantial ground for difference of opinion" and that "an immediate appeal . . . materially advance the ultimate termination of the litigation." The Order does not meet these standards.

First, there is no "controlling question of law as to which there is substantial ground for difference of opinion." Rather, the Court's decision was based on the specific allegations in Plaintiff's complaint, which it found to be conclusory and deficient. Second, there is nothing to suggest that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." To the contrary, an immediate appeal and stay (as requested by Plaintiff) would delay the adjudication of his remaining claims,

including the remaining individual capacity claim against Mr. Gomez, and thus not "materially advance the ultimate termination of the litigation." Accordingly, the Court should not certify this order for an interlocutory appeal.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion should be denied.

Dated this 21st day of April, 2011.   Respectfully submitted,

JOHN F. WALSH
United States Attorney

s/ Amy L. Padden
Amy L. Padden
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0408
E-mail: amy.padden@usdoj.gov
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

  I hereby certify that on April 21, 2011, I electronically filed the foregoing with the Clerk of Court using the ECF system with the Clerk of Court using the ECF system, which will electronically send notice to:

<u>Agency Counsel</u>:

Clay Cook
Federal Correctional Complex, Legal Division
5880 Highway 67 South
Florence, CO 81226

and that on April 21, 2011, I served the document or paper to the following non CM/ECF participants via U.S. mail:

<u>Plaintiff</u>:

Ahmed Ajaj
Reg. No. 40637-053
U.S. Penitentiary - Marion
P.O. Box 1000
Marion, IL 62959

                s/ Amy L. Padden
                Amy L. Padden
                United States Attorney's Office
                District of Colorado