IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02006-MSK-MJW

AHMED M. AJAJ,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
THE UNITED STATES OF AMERICA, and
TOMAS GOMEZ,

    Defendants.

---

**ORDER REGARDING
PRO SE INCARCERATED PLAINTIFF'S MOTION TO BE ALLOWED TO TAKE
TELEPHONIC DEPOSITIONS OR VIDEO CONFERENCE DEPOSITIONS OF THE
DEFENDANTS AND WITNESSES PURSUANT TO FED. R. CIV. P. 30(B)(2)(3) AND
THAT THIS HONORABLE COURT TAKE JUDICIAL NOTICE OF THE ATTACHED
CASES IN DECIDING THIS MOTION (DOCKET NO. 313)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

    This matter is before the court on the Pro Se Incarcerated Plaintiff's Motion to be Allowed to Take Telephonic Depositions or Video Conference Depositions of the Defendants and Witnesses Pursuant to Fed. R. Civ. P. 30(b)(2)(3) and that this Honorable Court take Judicial Notice of the Attached Cases in Deciding this Motion (docket no. 313). The court has reviewed the subject motion (docket no. 313) and the response (docket no. 322) thereto. In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of

law, and Order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the Pro Se Incarcerated Plaintiff seeks an Order from this court to allow him to appear at any properly-noticed deposition by telephone or video conference through the Bureau of Prisons' videoconferencing facilities (to the extent that they are available);

5. That the Pro Se Incarcerated Plaintiff currently resides in the U.S. Penitentiary in Marion, Illinois, where he is incarcerated in the Communication Management Unit ("CMU"). The unit is designed to provide increased monitoring of the communications between the inmates incarcerated there and the persons in the community for safety and security reasons. At all times relevant to the claims brought within the Complaint, the Pro Se Incarcerated Plaintiff was incarcerated at the Bureau of Prisons' Administrative Maximum ("ADX") institution in Florence, Colorado;

6. That the only remaining claims in the case are the Federal Tort Claims Act ("FTCA") claims against the United States and portions

3

of Claim Three, which involve challenges to disciplinary actions, against the Defendant BOP and Defendant Gomez;

7. That Fed. R. Civ. P. 30(b)(4) provides that: "The parties may stipulate - or the court may on motion order - that a deposition be taken by telephone or other remote means." Moreover, Rule 30(b)(A) states, in pertinent part, "[t]he noticing party bears the recording costs." Further, Rule 30 also provides, in pertinent part, that "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28." See Fed. R. Civ. P. 30(b)(5). Therefore, if the Pro Se Incarcerated Plaintiff notices a deposition, then he is responsible for hiring an officer to record any deposition and for payment of such officer;

8. That Defendants do not object to the Pro Se Incarcerated Plaintiff taking depositions by remote means, provided that he otherwise complies with Fed. R. Civ. P. Rules 28, 30, and 32; the United States District Court for the District of Colorado - Local Rules of Practice, and the Rules and Regulations of the Federal Bureau of Prisons. Under Rule 30(b)(4), the deposition taken by remote means takes place at the location where the deponent answers questions;

9. That Fed. R. Civ. P. 30(b)(3)(A) provides that testimony may be recorded by audio, audiovisual, or stenographic means;

4

10. That Fed. R. Civ. P. 28(c) provides:

> **Disqualification.** A deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action.; and

11. That Fed. R. Civ. P. 26 and 32 govern the use of depositions during court proceedings. Rule 26 requires the examining party to transcribe the portions of the deposition it intends to use at trial and provide those portions to all parties. See Fed. R. Civ. P. 26(a)(3)(A)(iii). Rule 32 provides that a party intending to offer deposition testimony during court proceedings must provide a copy of a transcript of that testimony. See Fed. R. Civ. P. 32(c);

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That the Pro Se Incarcerated Plaintiff's Motion to be Allowed to Take Telephonic Depositions or Video Conference Depositions of the Defendants and Witnesses Pursuant to Fed. R. Civ. P. 30(b)(2)(3) and that this Honorable Court take Judicial Notice of the Attached Cases in Deciding this Motion (docket no. 313) is **GRANTED** as follows;

2. That the Pro Se Incarcerated Plaintiff shall comply with all Federal

5

Rules of Civil Procedure; the United States District Court for the District of Colorado - Local Rules of Practice; and the Rules and Regulations of the Federal Bureau of Prisons in noticing, setting, and taking any deposition;

3. That the Pro Se Incarcerated Plaintiff may appear at a deposition by telephone or video conference, provided that the Pro Se Incarcerated Plaintiff provides an Officer as defined under Rule 28(a)(1)(A)(B) and (2) at his own expense at the location of the witness and arrange for recording at that location at his own expense consistent with Fed. R. Civ. P. 28, 30, and 32 and consistent with the United States District Court for the District of Colorado - Local Rules of Practice and the Rules and Regulations of the Federal Bureau of Prisons; and

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 15th day of July 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE