IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02006-MSK-MJW

AHMED M. AJAJ,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
TOMAS GOMEZ, and
UNITED STATES OF AMERICA,

Defendants.

---

**MINUTE ORDER**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

  It is hereby ORDERED that the Pro Se Incarcerated *Plaintiff's Expedited Motion for an Order to Allow Him to Audio Taping His Own Scheduled August 31, 2011, Deposition to Prevent the Reoccurrence of the Kind of the Major Errors and Substantial Omissions Found in His Untaped First Deposition Transcript and to Prevents [sic] Unnecessary Disputes Regarding the Accuracy of Plaintiff's Second Deposition Transcript* (docket no. 338), **and** *Plaintiff's Expedited Motion for Appointment of an Individual to Administer Oaths for Plaintiff's Oral Depositions Pursuant to Fed.R.Civ.P. 28(a) or in the Alternative that this Honorable Court Fashion an Order to Protect Plaintiff From the "Undue Burden or Expense in Conducting Discovery." Pursuant to Fed.R.Civ.P. 26(c) Similar to the Orders Entered by Other Courts in Prisoners' Civil Rights Cases. (Please, See the Attached)* (docket no. 335) are both DENIED for the following reasons stated below.

  The relief sought in the subject motions (docket no. 338 and docket no. 335) has already previously been addressed by this court.  See Order Regarding Pro Se Incarcerated Plaintiff's Motion to Allowed to Take Telephone Depositions or Video Conference Depositions of the Defendants and Witnesses Pursuant to Fed. R. Civ. P. 30(B)(2)(3) and that this Honorable Court take Judicial Notice of the Attached Cases in Deciding this Motion (docket no. 324). Moreover, the Pro Se Incarcerated Plaintiff did not file any timely objection this Order (docket no. 324).  Furthermore, Defendants' counsel and the Federal Bureau of Prisons' employees are not authorized to administer an oath in this case.  Further, the Pro Se Incarcerated Plaintiff has sued the Federal

2

Bureau of Prisons and the United States of America and therefore federal employees (i.e. defense counsel and agency counsel) are both disqualified from acting as a deposition officer. Lastly, the Pro Se Incarcerated Plaintiff's argument that he needs deposition support in order to support his request for appointed counsel is without merit. This court has already entered an Order directing the Clerk of Court to make a good faith effort to try to secure pro bono counsel for plaintiff. See Minute Order (docket no. 204) for specifics of this Order. Accordingly, for these reasons, the subject motions (docket no. 338 and docket no. 335) should be denied.

Date: August 26, 2011