IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02006-RBJ-MJW

AHMED M. AJAJ,

   Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
THE UNITED STATES OF AMERICA, and
TOMAS GOMEZ,

   Defendants.

**ORDER REGARDING
PRO SE INCARCERATED PLAINTIFF'S REQUEST FOR AN ORDER DIRECTING
THE DEFENDANT BOP TO ALLOW HIM TO OBTAIN AFFIDAVITS AND OTHER
EVIDENCE FROM OTHER INMATES IN SUPPORT OF HIS REMAINING CLAMS
(DOCKET NO. 351)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on the Pro Se Incarcerated Plaintiff's Request for an Order Directing the Defendant BOP to Allow Him to Obtain Affidavits and Other Evidence from Other Inmates in Support of His Remaining Claims (docket no. 351). The court has reviewed the subject motion (docket no. 351) and the response (docket no. 366) thereto.  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

2

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the Pro Se Incarcerated Plaintiff seeks an Order from this court allowing him to have monitored communications with 15 inmates: Edgar Pitts, Nidal Ayyad, Mahmud Abouhalima, Eyad Ismoil, Wadih El-Hage, Mohammed Al-Owhali, Khalfan Khamis Mohammed, Mohammed Salameh, Amir Abdelgani, Fadil Abdelgani, Robert Blackman, Ron Moore, Abdul Murad, El Sayyd Nosair, and Salvador Magluta.  Other than inmates Pitts, A. Abdelgani, F. Abdelgani, and El-Sayyid Nosair, Plaintiff does not claim that any of these inmates witnessed any of the incidents that form the basis of the remaining claims in the Third Amended Complaint;

5. That the Pro Se Incarcerated Plaintiff currently resides in the U.S. Penitentiary in Marion, Illinois, where he is incarcerated in the Communication Management Unit ("CMU").  The unit is designed to provide increased monitoring of the communications between the inmates incarcerated there and the persons in the community for safety and security reasons.  At times relevant to the claims brought within the Third Amended Complaint, the Pro Se

3

      Incarcerated Plaintiff was incarcerated at the Bureau of Prisons' Administrative Maximum ("ADX") institution in Florence, Colorado;

6. That the only remaining claims in the case are the Federal Tort Claims Act ("FTCA") claims against the United States and portions of Claim Three, which involve challenges to disciplinary actions, against the Defendant BOP and Defendant Gomez;

7. That a number of the inmates that the Plaintiff seeks to have affidavits from are under Special Administrative Measures [SAMS] within the Bureau of Prisons;

8. That some of the inmates that Plaintiff seeks to have affidavits from with were co-conspirators in the World Trade Bombing case with Plaintiff; and

9. That it is questionable whether these inmates listed above in paragraph 4 have any personal knowledge about information that is relevant to the remaining limited claims. See paragraph 6 above for remaining claims.  However, there is some limited basis to believe that inmates Edgar Nelson Pitts, El Sayyd Nossair, A. Abdelgani, and F. Abdelgani may have personal knowledge and information relevant to the remaining limited claims.

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

4

1. That the Pro Se Incarcerated Plaintiff's Request for an Order Directing the Defendant BOP to Allow Him to Obtain Affidavits and Other Evidence from Other Inmates in Support of His Remaining Claims (docket no. 351) is GRANTED IN PART AND DENIED IN PART. The subject motion is GRANTED as to inmates Edgar Nelson Pitts, El Sayyd Nossair, A. Abdelgani, and F. Abdelgani as outlined below. The remainder of the motion concerning the other inmates is DENIED;

2. That Defendant BOP's Legal Department at ADX Florence, Colorado, shall send a letter to inmates Edgar Nelson Pitts, El Sayyd Nossair, A. Abdelgani, and F. Abdelgani in the form proposed by Defendant BOP. See docket nos. 366-3 and 366-4 for the form of the letter;

3. That if inmates Edgar Nelson Pitts, El Sayyd Nossair, A. Abdelgani, and F. Abdelgani respond to the letter, then the BOP agency counsel shall forthwith review such affidavit to determine whether any SAMs or other BOP rules and regulations have not been complied with as it pertains the content of such information contained in the affidavit. If there is no prohibited information within such affidavit, then the BOP agency counsel shall provide a copy of such affidavit to the Plaintiff. If any portion of the affidavit is determined by the BOP agency counsel to contain prohibited information, then Defendant shall file with the court a written status

report;

4. That this court adopts those procedures as outlined in the Order (docket no. 366-2) that were used in the case captioned *Ahmed Mohammad Ajaj v. USA, et al.*, Case no. 0:03-3776-22BD, in the United States District Court for the District of South Carolina, and such procedure shall be used in this case; and

5. That each party shall pay their own attorney fees and costs for this motion.

Done this 3rd day of October 2011.

                        BY THE COURT

                        s/Michael J. Watanabe
                        MICHAEL J. WATANABE
                        U.S. MAGISTRATE JUDGE