IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02006-RBJ-MJW

AHMED M. AJAJ,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
THE UNITED STATES OF AMERICA, and
TOMAS GOMEZ,

      Defendants.

---

## ORDER

---

This matter comes before the court on plaintiff's Motion for Reconsideration (#278),

filed on March 28, 2011.  Defendants filed a response on April 21, 2011 (#286).  The Court also

considers plaintiff's related motions: Docket # 272, 285, 289, 290, 293, 294, 291, 292, 312, 317,

318, 319, and 328, as well as the corresponding responses and replies.

**Facts**

At all relevant times, Mr. Ajaj has been a prisoner assigned to the Administrative

Maximum Facility ("ADX") in Florence, Colorado.  In his Third Amended Complaint (#167)

Mr. Ajaj alleges ten causes of action:  (1) Mr. Ajaj alleges religious discrimination and the denial

of his religious beliefs, practices and property arising under *Bivens*, the Religious Freedom

Restoration Act, 42 U.S.C. § 2000bb *et seq.* ("RFRA"), the Religious Land Use and

Institutionalized Person Act, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"), the Administrative

Procedures Act, 5 U.S.C. § 502 *et seq.* and 42 U.S.C. §1981 ("APA"); (2) Inhumane conditions

and cruel and unusual punishment as result of the conditions of his confinement in violation of

the Eighth Amendment; (3) Unlawful and unjust disciplinary actions arising under *Bivens*, and

42 U.S.C. §1981, §1985, the APA, the Alien Tort Claims Act, 28 U.S.C. § 350 ("ACTA"), and

the Rehabilitation Act of 1971, 29 U.S.C. § 794; (4)  First Amendment violations as a result of

restricted mail privileges and the handling of Mr. Ajaj's mail, arising under *Bivens* (violation of

the First and Fifth Amendments), the APA and ACTA; (5) Violation of Mr. Ajaj's First and

Fourteenth Amendment right to visitors and meaningful access to his attorney arising under

*Bivens*, the Rehabilitation Act, APA, and ACTA; (6) Deprivation of Mr. Ajaj's telephone rights

by BOP staff in violation of his First and Fifth Amendment rights under *Bivens*, and the APA;

(7) the institution of unlawful policies and practices that "restrict the flow of educational,

religious, medical, self-help and other information" by restricting Mr. Ajaj's ability to receive

and possess books in violation of his First and Fourteenth Amendment rights, arising under

*Bivens*, and the APA; (8) Personal malice in the use and maintenance of inaccurate records and

information about Mr. Ajaj in BOP record in violation of the APA and the Privacy Act, 5 U.S.C.

§ 552a(e)(5); (9) Denial of necessary medical treatment in violation of *Bivens*, several

international treaties, the APA, the Rehabilitation Act, and the ACTA; and (10) Federal tort

claims for medical malpractice against employees and agents of the United States under the

Federal Tort Claims Act, 28 U.S.C. § 1346(b).

   All defendants, except the United States, moved to dismiss the claims against them

(#175-185).  On March 10, 2011 Judge Marcia Krieger granted the Motions to Dismiss by

Defendants Janus, Mestas, and Olmstead (#175); Heim, Martinez, and Roy (#176); Krist (#177);

Cunning, Mack, Merrill, and Powley (#178), Allred, Cink, and Nafzinger (#179); Jones (#181);

Batulis and Vigle (#182); Revell (#183) and Wiley (#184).  Judge Krieger dismissed these

defendants in their entirety pursuant to Fed. R. Civ. P. 12(b)(6).  The Motion to Dismiss by

defendants Gomez and Sproul was denied in part.  Mr. Ajaj's third claim for relief remains, and

all other claims are dismissed.  The BOP's Motion to Dismiss was denied in part, with Judge

Krieger finding that Mr. Ajaj had stated cognizable claims for declaratory relief against the BOP

under the APA.  The remaining claims against the BOP are dismissed.

On March 28, 2011 Mr. Ajaj filed a Motion for Reconsideration of Judge Krieger's Order

(#278).  Defendants filed a response April 21, 2011 (#286).  This case was reassigned from

Judge Marcia Krieger to Judge R. Brooke Jackson on September 23, 2011.

As several of plaintiff's motions deal with issues of judicial notice and requests for

consideration with regard to plaintiff's Motion for Reconsideration, they will be addressed first.

**Plaintiff's Motions For Judicial Notice, Consideration of Allegations, and**

**Application of a Particular Standard**

<u>Requests for Judicial Notice</u>

In deciding plaintiff's Motion for Reconsideration, plaintiff requests that the Court take

Judicial Notice of several recent decisions (#285, 289, 290, 293, and 294).  Defendants have

responded to these motions in one response (# 298).

Plaintiff requests that the Court take judicial notice of recent decision *Dodds v.*

*Richardson*, 614 F.3d 1185 (10th Cir. 2010) in deciding its Motion for Reconsideration (#285).

Plaintiff also requests that the Court consider the following Tenth Circuit cases:  *Abdulhaseeb v.*

*Calbone*, 600 F.3d 1301 (10th Cir. 2010), *Whitington v. Ortiz*, 307 Fed. Appx. 179 (10th Cir.

2009), *Arocho v. Nafziger*, 367 Fed. Appx. 942 (10th Cir. 2010), *Weatherford v. Taylor*, 347

Fed. Appx. 400 (10th Cir. 2009), *Green v. Fed. Bureau of Prisons*, 2009 U.S. Dist. LEXIS 4209

(D. Colo. 2009), and *Casanova v. Ulibarrri*, 595 F.3d 1120 (10th Cir. 2010) (#289).  To

demonstrate error in dismissing plaintiff's claims for failure to allege sufficient facts, plaintiff

requests judicial notice of the following Tenth Circuit cases:  *Barrett v. Orman*, 373 Fed. Appx. 823 (10th Cir. 2010), *Brown v. Saline County Jail*, 303 Fed. Appx. 678 (10th Cir. 2008), and *Stanko v. Davis*, 617 F.3d 1262 (10th Cir. 2010) (#290).[1]

Rule 201 permits the Court, in its discretion, to take judicial notice of adjudicative facts that are not subject to reasonable dispute. Fed. R. Civ. P. 201(a)-(b).  A fact is not subject to reasonable dispute if it "is generally known within the trial court's jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201 (b).   The requests put forth by plaintiff do not comport with the requirements of Rule 201.  The cases cited by plaintiff ask for recognition of statements of law, not facts that are not subject to reasonable dispute, and thus do not constitute a proper request for judicial notice.  Therefore, Plaintiff's Motions for Judicial Notice (#285, 289, 290, 293, 294) are DENIED.

<u>Motions for Consideration of Allegations</u>

On February 25, 2011 plaintiff filed a motion requesting that the Court consider "the allegations contained in all the documents filed with the Court, referred to in the Complaint, and attached to his pleadings in ruling on the defendant's motions to dismiss" (#272).  Following Judge Krieger's ruling on defendants' Motions to Dismiss, plaintiff filed another motion requesting the same relief as applied to the Court's consideration of plaintiff's Motion for Reconsideration (#291).  Plaintiff also filed a motion requesting that the Court, in its ruling on plaintiff's Motion for Reconsideration, "fully address the claims and allegations contained in his verified Third Amended Complaint which were mistakenly not addressed in the March 10, 2011 Opinion" (#312).

---

[1] Case citations have been corrected from those listed in plaintiff's motions to reflect the accurate citation.

As will be discussed more fully below, the Court's consideration is limited to the four corners of the complaint and any attached or referenced documents when considering a Motion to Dismiss. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). Additionally, the Court is limited to inquiring into errors of law or evidence of misapprehended facts when reconsidering a Court's Order. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Because the Court may only "correct manifest errors" or consider newly discovered evidence, the Court cannot consider other claims or allegations. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). Therefore, plaintiff's Motions at Docket numbers 312 and 291 are DENIED. As Judge Krieger has already ruled on defendants' Motion to Dismiss, plaintiff's Motion for Consideration with regard to the Motion to Dismiss (#272) is DENIED as moot.

Motions that Court Apply a Particular Standard

In addressing his Motion for Reconsideration, plaintiff asks that the Court "apply the standard articulated in *Jacklovich v. Simmon*, 392 F.3d 420 (10th Cir. 2004)," that requires the Court to compare the defendant BOP's policies with those of other prison systems (#317). Plaintiff also filed a Motion requesting that the Court apply the standard in *Church of Lukumi Bablu Aye v. City of Hialeah*, 508 U.S. 520 (1993) (#318). Finally, plaintiff filed a Motion requesting that the Court "avoid deciding issues that cannot be resolved on a motion to dismiss" when it rules on plaintiff's Motion for Reconsideration (#319).

As to plaintiff's first two motions (#317, 318) the Court finds that there is no reason why any argument based upon the standards articulated in these cases could not have been addressed in plaintiff's Motion for Reconsideration. The decisions in both *Jacklovich* and *Church of Lukumi* were issued years prior to plaintiff's Motion. Any and all arguments plaintiff wished the

5

Court to consider should have been articulated in plaintiff's Motion for Reconsideration. Because the Court finds that these cases are both inapplicable to the present issue, and impermissible supplementation of plaintiff's argument, Motions # 317 and 318 are DENIED.

As discussed above, in deciding a Motion for Reconsideration the Court does not decide any additional issues or make any other findings of fact. The Court will limit its order to inquiries into any errors of law or fact existing in Judge Krieger's Order. Therefore, plaintiff's Motion # 319 is DENIED.

**Motion to Stay Ruling**

Before the Court may turn to plaintiff's motion for reconsideration it must first address Mr. Ajaj's "Motion to Stay the Ruling on His Motion for Reconsideration of March 15, 2011 Opinion and Order Until Plaintiff Receive [sic] Defendants' Response to that Motion and had the Opportunity to Reply to Their Response Filed with this Court." In effect, Mr. Ajaj requests that the Court refrain from ruling on his motion until he has received Defendant's response. Plaintiff's motion was filed after defendants filed their Response. In his motion, Mr. Ajaj states that he contacted the Clerk of Court and was informed that Defendant's had filed a Response on April 21, 2011 (#301). Defendant's argue that Plaintiff has not informed the court or defense counsel that he has not ultimately received the response. Nor, has plaintiff made it clear that he made any effort to receive a copy.

Defendant's response was filed over six months ago. Given the lapse of time, the Court assumes that Mr. Ajaj either has obtained a copy of the response, or has had ample time to make efforts to do so. Plaintiff's Motion to Stay the Ruling (#292) is DENIED. The Court will rule on Plaintiff's Motion for Reconsideration.

6

**Motion for Reconsideration**

Plaintiff filed his Motion for Reconsideration requesting review of Judge Krieger's March 10, 2011 Order.[2]  Defendant responded and opposed plaintiff's motion.

Plaintiff argues that Judge Krieger's ruling erred in nine ways.  First, the Court erred because although defendants failed to move to dismiss plaintiff's declaratory and injunctive relief claims under 12(b)(6), and instead only sought to dismiss under 12(b)(1) for mootness, the Court nonetheless dismissed them on 12(b)(6) grounds.  Plaintiff argues that the Court impermissibly dismissed his claims upon grounds that were not offered by defendants.  Second, plaintiff asserts that the Court erred by ignoring the Tenth Circuit standard that articulates that "the need for factual allegations depends on the context of the case or claim."  (#278, p.3). Plaintiff argues that no additional factual allegations are required to put BOP on notice of a plausible claim for declaratory and injunctive relief.  Third, the Court erred by failing to consider all of the allegations in all documents filed with the Court, referred to in the complaint or referred to in plaintiff's response to the motion to dismiss, as required by *Hughes v. Rowe*, 449 U.S. 5 (1980).  Fourth, the Court erred in failing to consider plaintiff's requests for judicial notice prior to ruling on defendant's motions to dismiss.  Fifth, plaintiff also argues that the Court erred by failing to read his claims "as a whole," rather than "piece by piece" when determining the plausibility of his claims.  Sixth, the Court erred by failing to view all facts in the light most favorable to the plaintiff when reviewing the pleadings.  Seventh, plaintiff alleges that the Court ignored precedent and misapplied the *Iqbal* standard.  Eighth, plaintiff claims that

---

[2] In several pleadings, Mr. Ajaj refers to Judge Krieger's "March 15, 2011 Order."  As Judge Krieger issued her Order on defendant's Motions to Dismiss on March 10, 2011 and no other Order was issued on March 15, 2011, the Court assumes that Mr. Ajaj is referring to Judge Krieger's Order issued on March 10, 2011.

Judge Krieger's order is inconsistent with other orders the Court issued and failed to apply the same standard.  Finally, plaintiff argues that the Court failed to properly review his causes of action.   Each of plaintiff's arguments will be discussed in turn below.

Standard of Review

Although the Federal Rules of Civil Procedure do not formally recognize motions to reconsider, a party may file a motion seeking relief from a judgment pursuant to Fed. R. Civ. P. 60(b) or 59(e).  *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991).  District courts have discretion to grant relief under Rule 60(b), although "such relief is extraordinary and may only be granted in exceptional circumstances."  *Hillard v. District Court of Comanche County*, 100 Fed.Appx. 816, 818-19 (10th Cir. 2004).  A motion for reconsideration is only appropriate where "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Arguments for reconsideration may be brought under Fed. R. Civ. P. 59(e) within 28 days after the entry of judgment.  Arguments that reiterate "the original issues raised in their complaint and [seek] to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood their position" are properly brought under Fed. R. Civ. P. 59(e).  *Van Skiver*, 952 F.2d at 1244.  As plaintiff's motion was brought within 28 days and challenges the Court's ruling based on misapplied law, it will be considered under Fed. R. Civ. P. 59(e).  A motion to alter or amend the judgment under Rule 59(e) "should be granted only to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal citations omitted).

<u>Conclusions</u>

As plaintiff has not presented any newly discovered evidence for the Court's consideration, the Court will focus its inquiry on whether there were any manifest errors of law in the Court's order.  As discussed above, plaintiff alleges nine errors of law in his motion.

First, plaintiff alleges that the Court improperly dismissed plaintiff's declaratory and injunctive claims against the Bureau of Prisons ("BOP") under Fed. R. Civ. P. 12(b)(6), when defendants only sought dismissal under Fed. R. Civ. P. 12(b)(1).  In its Motion to Dismiss, defendant BOP moved to dismiss all claims pursuant to 12(b)(1) for mootness, and claims five, eight, and portions of one, two, three, five and nine pursuant to Rule (12(b)(6) (#180).

Although the BOP did not specifically offer Rule 12(b)(6) as grounds for dismissal in their Motion to Dismiss, it was not error for the Court to dismiss the claims upon such grounds. Plaintiff is proceeding in *forma pauperis* under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 *et al.*  Under the PLRA the Court "shall dismiss the case at any time if the court determines that…the action or appeal…fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  As such, it is not error for the Court to dismiss those claims which fail to state a claim upon which relief can be granted, even in the absence of a specific prayer for dismissal under Fed. R. Civ. P.  12(b)(6).

Second, the plaintiff argues that the Court incorrectly held plaintiff's claims for declaratory and injunctive relief to a higher standard than is required under Tenth Circuit case law.  The Court cannot find any case law, Tenth Circuit or otherwise, that supports plaintiff's contention that "the need for factual allegations depends on the context of the case," or that the law does not require "additional factual allegation to put Defendant BOP on notice of a plausible

claim for declaratory and injunctive relief." (#278, p. 3). The cases cited by plaintiff are not relevant to this issue. In its order, the Court correctly applied the pleading standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). There was no error.

Third, plaintiff argues that the Court erred by failing to consider the "allegations contained in all the documents filed with the Court, referred to in the Complaint, and attached to his pleadings and complaint nor considered the allegations contained in plaintiff's Original, First, and Second Amended Complaints" (#278, p. 4). Plaintiff maintains that the *Hughes v. Rowe* standard requires the Court to consider all documents filed with the Court. *Id.*

However, *Hughes v. Rowe* does not stand for this proposition. 449 U.S. 5 (1980). Instead, the Supreme Court limited its discussion to those claims articulated in the plaintiff's amended complaint. *Id.* at 9-10. The correct standard requires the Court to consider the complaint itself, as well as any documents attached to the complaint as exhibits. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001). The Court may only consider claims within the four corners of the complaint, as well as "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). This is the standard that the Court articulated in its order. The plaintiff has not offered examples of evidence that should have been considered under the correct standard but were not. Therefore, the Court has committed no error in applying this standard to a 12(b)(6) motion to dismiss.

Fourth, plaintiff contends that the Court's failure to consider plaintiff's requests for judicial notice prior to issuing its ruling on defendants' motions to dismiss constitutes error. Plaintiff filed two requests for judicial notice on December 13th and 20th (#247, 250). The

motions were filed after the motions to dismiss and were filed in relation to plaintiff's motions

for preliminary injunctive relief (#238, 241, 245).  On March 31, 2011, Magistrate Watanabe

issued a Report and Recommendation recommending that these motions be denied (#282).

Plaintiff filed an objection to the Magistrate's Recommendation on April 18, 2011 (#285).

As discussed above, in considering a motion to dismiss, the Court shall only consider the

claims articulated in the complaint and documents referenced in the complaint.  *Jacobsen*, 287

F.3d at 941.  Plaintiff's Requests for Judicial Notice were not attached to, or referenced in, the

Complaint.  The issues raised in plaintiff's Motion for Judicial Notice cannot be found in

plaintiff's Response in Opposition to Defendants' Motions to Dismiss.  Therefore, it was not

error for the Court to not consider plaintiff's requests for judicial notice when ruling on the

motions to dismiss.

Fifth, plaintiff contends that the Court erred by "failing to review the plausibility of

Plaintiff's claims as whole."  (#278, p.6).  However, plaintiff has not provided any example of

facts that were read in isolation or provided case law that is on point.  There is no evidence that

Judge Krieger did not view the facts in "totality."  While it is unclear what facts the Court read in

isolation the Court can find no error in the analysis of the facts in the complaint.  In her order,

Judge Krieger stated that she followed the guidelines articulated in *Iqbal* when determining the

veracity of the allegations (#275, p. 5).  The Court has not erred by following the standard

articulated by the Supreme Court.

Sixth, the plaintiff argues that the Court erred by "failing to view all facts in a light most

favorable to plaintiff." (#278, p.6).  In her Order, Judge Krieger clearly articulated the standard

followed by the Court: "In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court

must accept all well-plead allegations in the Complaint as true and view those allegations in the

light most favorable to the nonmoving party." (#275, p. 4-5). Aside from his bare assertion that the Court did not follow this standard, plaintiff offers no examples or evidence that the Court did not follow the standard articulated in its Order. Therefore, the Court finds there was no clear error of law.

Seventh, plaintiff contends that the Court "ignored settled Supreme Court, Tenth Circuit, and other courts well settled precedents and decisions and misapplied Iqbal standard." (#278, p. 7). Following this statement plaintiff lists over three pages of string citations without any further argument or explanation. Without any description of how the Court misapplied case law and the *Iqbal* standard, I cannot conclude that there was any error of law.

Eighth, the plaintiff argues that the Court's Order is inconsistent with respect to the plaintiff's disciplinary claims. The disciplinary claims plaintiff refers to are described in paragraphs 172-174 of plaintiff's Third Amended Complaint. (#167). Judge Krieger addresses these allegations at pages 18-20 of her Order. Because Judge Krieger found that plaintiff had not provided facts or evidence supporting his assertions, the Court disregarded those assertions as conclusory (#275, p. 19). Any internal inconsistency with regard to the standard applied is not apparent. In dealing with plaintiff's assertions arising out of the September 2005 disciplinary actions, the Court applied the *Iqbal* standard, as it did throughout its order. Plaintiff has provided no explanation or example of inconsistency. The Court cannot find that there was clear error.

Finally, the plaintiff contends that "Court failed to properly review plaintiff's First to Ten Cause [sic] of Actions and failed to make analysis of his claims under the different legal theories asserted in the complaint and clearly failed to review plaintiff's response to defendants' motion to dismiss." (#278, p.10). Plaintiff then requests time to supplement his motion due to lack of

time to complete his Motion for Reconsideration.  No additional time will be granted as plaintiff

has had the full statutory amount of time allowed under Rule 59(e).  Judge Krieger clearly stated

that she considered all responses and replies when she issued her Order.  (#275, p. 1).  The

remainder of this argument seems to be a summary of plaintiff's objections.  Therefore, for the

reasons outlined above, the Court does not find that there is clear error.

The plaintiff has not demonstrated that the Court has "misapprehended the facts, a party's

position, or the controlling law."  *Servants of Paraclete*, 204 F.3d at 1012. As the Court cannot

find any manifest error of law in the Court's order, plaintiff's Motion for Reconsideration (#278)

is DENIED.   The Court declines to certify the order for interlocutory appeal pursuant to 28

U.S.C. § 1292 (b).

**Order**

Therefore, for the reasons stated above, plaintiff's Motion for Reconsideration (#278) is

DENIED.  Plaintiff's Motions # 272, 285, 289, 290, 293, 294, 291, 292, 312, 317, 318, 319, and

328 are also DENIED.

DATED this 6th day of December, 2011.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge