IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02006-RBJ-MJW

AHMED M. AJAJ,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
THE UNITED STATES OF AMERICA, and
TOMAS GOMEZ,

    Defendants.

## ORDER

    This Order comes before the Court on Magistrate Judge Michael J. Watanabe's Report and Recommendation filed on March 31, 2011 (#282). Plaintiff filed an objection on April 15, 2011 (#284) and defendants responded in favor of the Magistrate's Recommendation (#288). This Order will also address several of plaintiff's objections to the Magistrate's orders (# 302, 357, 379, 392, and 393) as well as plaintiff's request to transfer his injunctive relief claims (#270).

**Facts**

    At all relevant times, Mr. Ajaj has been a prisoner assigned to the Administrative Maximum Facility ("ADX") in Florence, Colorado. In his Third Amended Complaint (#167) Mr. Ajaj alleges ten causes of action: (1) Mr. Ajaj alleges religious discrimination and the denial of his religious beliefs, practices and property arising under *Bivens*, the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.* ("RFRA"), the Religious Land Use and Institutionalized Person Act, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"), the Administrative

1

Procedures Act, 5 U.S.C. § 502 *et seq.* and 42 U.S.C. §1981 ("APA"); (2) Inhumane conditions and cruel and unusual punishment as result of the conditions of his confinement in violation of the Eighth Amendment; (3) Unlawful and unjust disciplinary actions arising under *Bivens*, and 42 U.S.C. §1981, §1985, the APA, the Alien Tort Claims Act, 28 U.S.C. § 350 ("ACTA"), and the Rehabilitation Act of 1971, 29 U.S.C. § 794; (4) First Amendment violations as a result of restricted mail privileges and the handling of Mr. Ajaj's mail, arising under *Bivens* (violation of the First and Fifth Amendments), the APA and ACTA; (5) Violation of Mr. Ajaj's First and Fourteenth Amendment right to visitors and meaningful access to his attorney arising under *Bivens*, the Rehabilitation Act, APA, and ACTA; (6) Deprivation of Mr. Ajaj's telephone rights by BOP staff in violation of his First and Fifth Amendment rights under *Bivens*, and the APA; (7) the institution of unlawful policies and practices that "restrict the flow of educational, religious, medical, self-help and other information" by restricting Mr. Ajaj's ability to receive and possess books in violation of his First and Fourteenth Amendment rights, arising under *Bivens*, and the APA; (8) Personal malice in the use and maintenance of inaccurate records and information about Mr. Ajaj in BOP record in violation of the APA and the Privacy Act, 5 U.S.C. § 552a(e)(5); (9) Denial of necessary medical treatment in violation of *Bivens*, several international treaties, the APA, the Rehabilitation Act, and the ACTA; and (10) Federal tort claims for medical malpractice against employees and agents of the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

Over the long life of this case, the Court has dismissed all claims except claims three and ten from plaintiff's Third Amended Complaint (#167). On March 31, 2011 Magistrate Judge Watanabe issued a Report and Recommendation that recommended denying three motions for a preliminary injunction filed by plaintiff (#238, 241, 245). In addition, Judge Watanabe

recommended denying plaintiff's motions for judicial notice as moot (#247 and 250). On April 15, 2008 plaintiff filed an objection to the Magistrate' Judge's Recommendations (#284). Defendants responded to plaintiff's objection on April 21, 2011 (#286).

**Report and Recommendation**

In his report Judge Watanabe recommended that the plaintiff's motions for preliminary injunction be denied because the claims upon which the injunctive relief was based were dismissed in District Judge Krieger's March 10, 2011 Order (#275). Because plaintiff's first claim for relief, alleging violations of plaintiff's right to religious practice, was dismissed, Magistrate Watanabe found that the plaintiff could not demonstrate a substantial likelihood of success on the merits (#282, p.3). Therefore, plaintiff could not demonstrate the necessary elements to obtain a preliminary injunction. *Id.*

Plaintiff objected to Magistrate Watanabe's recommendation on the grounds that it was premature since plaintiff filed a Motion for Reconsideration of Judge Krieger's aforementioned Order. The Court denied plaintiff's Motion for Reconsideration on December 7, 2011 and affirmed Judge Krieger's order and ruling. The claims upon which plaintiff's motions for preliminary injunction were based have been dismissed. Magistrate Watanabe's recommendation made no clear error in finding that plaintiff had not demonstrated a substantial likelihood of success on the merits. Therefore, Magistrate Watanabe's Report and Recommendation (#282) is AFFIRMED.

**Objections to Magistrate's Orders**

Plaintiff filed four Objections to four separate Orders of Magistrate Watanabe. Each Objection will be addressed in turn below.

Standard of Review

An order on a motion that is not dispositive of a claim or defense is reviewed for clear error: "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law." Fed. R. Civ. P. 72(a). When reviewing non-dispositive motions "district courts review such orders under a 'clearly erroneous or contrary to law' standard of review." *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1462 (10th Cir. 1988) (citing 28 U.S.C. § 636(b)(1)(A)).

Conclusions

On May 23, 2011 plaintiff filed an objection to Judge Watanabe's order denying plaintiff leave to submit documents referred to in his Third Amended Complaint (#302). The Judge denied plaintiff's motion (#296) because the documents were not specifically identified, it was not clear that the documents were in fact referenced in the Third Amended Complaint, and it was unclear whether their accuracy was or was not in dispute (#299). In so finding, Magistrate Watanabe made no clear legal error in his ruling. Therefore, plaintiff's Objection (#302) is OVERRULED.

On September 15, 2011 plaintiff filed an objection to Magistrate Watanabe's Order denying plaintiff's motion for "appointment of an individual to administer oaths for plaintiff's oral depositions pursuant to Rule 28(a)…" (#357). Judge Watanabe issued his order denying plaintiff's motion on August 26, 2011 (#349) because he had already held that plaintiff was required to hire and pay an officer to record any deposition in his July 15, 2011 Order (#324, at 3). Plaintiff's objection was filed outside of the 14 day filing deadline set out in Rule 72(a). Although Magistrate Watanabe's minute order did not specifically reference the 14 day limitation, the statutory time limit still applies here. Nonetheless, even if the Court ignored the

untimeliness of plaintiff's objection, Magistrate Watanabe made no clear error in his ruling. Plaintiff's objection (#357) is OVERRULED.

Plaintiff filed another objection on October 25, 2011 to Magistrate Watanabe's Order denying plaintiff's motion for leave to take the deposition of inmate Mohammad A. Salameh (#379). Magistrate Watanabe denied the motion because plaintiff failed to demonstrate that Mr. Salameh has any information that supports plaintiff's claims (#364). Further, Mr. Salameh was convicted as a co-conspirator along with the plaintiff for his involvement in the 1993 World Trade Center bombing and is under a communication restriction that prohibits him from communicating with the plaintiff. Both because discovery was closed at the time of plaintiff's motion, and because the Magistrate did not err in denying plaintiff's motion, plaintiff's objection (#379) is OVERRULED.

On November 10, 2011 plaintiff filed an objection to Magistrate Watanabe's Order granting the defendant's Motion for a Protective Order (#354). Magistrate Watanabe found that the plaintiff had improperly noticed depositions and may not notice any further depositions unless plaintiff (1) confers with defense counsel about the date and time of the deposition; (2) provides defense counsel with name of the officer who the deposition will be before and makes arrangements to pay that officer; (3) requests a subpoena, agrees to pay the witness fees, and designates a location for non-employee depositions; and (4) explains why the deponent has discoverable information (#378). The Court finds that the Magistrate was in compliance with Local Rule 30.1 and made no clear error of law in this Order. Therefore, plaintiff's objection is OVERRULED.

**Motion to Sever and Transfer**

On February 14, 2011 plaintiff filed a "Request" to transfer his injunctive relief claims to the Southern District of Illinois (where plaintiff is currently incarcerated) if this Courts finds that they are moot, rather than dismissing them (#270). Because plaintiff is requesting specific relief, this Court interprets plaintiff's "request" as a Motion.

A court may, on motion or on its own, "sever any claim against a party." Fed. R. Civ. P. 21. However, plaintiff has not explained how the Southern District of Illinois would have jurisdiction over those claims. The events underlying the basis of those claims occurred in the ADX facility in Florence, Colorado. Although plaintiff is now located in Marion, Illinois, that does not alone give the Illinois court jurisdiction over his claims. The claims that plaintiff asks to be severed concern conditions and plaintiff's confinement in Colorado only. Transfer in accordance with 28 U.S.C. § 1631, requires that the claims be transferred to "any other such court in which the action…could have been brought at the time it was filed." These claims could not have been filed in the Southern District of Illinois in the first instance. Therefore, severance and transfer of plaintiff's injunctive relief claims is not appropriate here. Plaintiff's Motion (#270) is DENIED.

**Order**

Due to the age of this case and the quantity of filings, the Court feels it is important to note that Mr. Ajaj does himself a disservice by filing the volume of motions and pleadings contained in this file (425 docket entries to date). Most of his filings have, on review, turned out to be lacking in merit. If there is a claim or a motion "in the pile" that has merit, the Court would wish to discover it and act upon it. However, when it appears that Mr. Ajaj is dashing off motion upon motion for no better reason than that he has the time to do so, the chance that the possibly

meritorious claim or claims will get lost in the shuffle increases dramatically.  The Court has many, many cases, and it does not have the time or resources to devote hours upon hours of time picking through the volume that Mr. Ajaj has been filing.  Wise lawyers and wise individuals representing themselves know that it is much more effective to select the jugular points carefully and to avoid permitting volume to obscure quality.

Therefore, the Magistrate's Report and Recommendation (#282) is AFFIRMED.  As recommended by the Magistrate, Motions # 238, 241, and 245 are DENIED, and Motions # 247 and 250 are DENIED as moot.  Motion #270 is DENIED.  Objections #302, 357, 379, and 392 are DENIED.

DATED this 9th day of December, 2011.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge